UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN C. PRICE (#126230)                                      CIVIL ACTION

VERSUS

BURL CAIN, WARDEN, ET AL.                                    NO. 14-0438-SDD-RLB

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on December 19, 2014.

                                               RICHARD L. BOURGEOIS, JR.
                                               UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

JOHN C. PRICE (#126230)                                          CIVIL ACTION

VERSUS

BURL CAIN, WARDEN, ET AL.                                        NO. 14-0438-SDD-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 Warden Burl Cain, Ass't Warden Kevin Benjamin and Secretary James LeBlanc, complaining that his constitutional rights were violated in 2012 when the hobbyshop in his housing unit was closed for a period of 2½ months when a co-inmate was allegedly observed with contraband. According to the plaintiff, this closing was a violation of prison rules and resulted in an unfair punishment that caused him to lose revenue because he was prevented from manufacturing hobbycraft products for resale during this period.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing

allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id.* at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez, supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed. *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

In his Complaint, the plaintiff alleges that on or about May 6, 2013, a co-inmate was allegedly observed smoking a marijuana cigarette in the hobbyshop yard of the plaintiff's housing unit. The prison official in charge of the yard, defendant Kevin Benjamin, allegedly ordered a search of the inmates in the hobbyshop area, but no contraband was discovered. Notwithstanding, defendant Benjamin ordered the closure of the hobbyshop, and the shop thereafter remained closed for a period of 2½ months. According to the plaintiff, this closure was in violation of prison rules and resulted in an unfair punishment to the plaintiff because the plaintiff had not been found guilty of any prison rule violation. In addition, the plaintiff alleges that the closure of the hobbyshop prevented the plaintiff from making hobbycraft products during the ensuing time period, and this caused a loss of revenue to the plaintiff.

The plaintiff's Complaint fails to state any federal constitutional claim cognizable under 42 U.S.C. § 1983, which statute provides for a private right of action against any person who, acting under color of state law, deprives an individual of rights, privileges, or immunities secured by the Constitution or laws of the United States. First, although the plaintiff complains

that defendant Benjamin violated the plaintiff's constitutional rights by interfering with the plaintiff's ability to engage in hobbycraft at the prison for a period of time, the law is clear that a prisoner has no constitutional right to participate in vocational, educational or other rehabilitative programs while confined. *Alberti v. Klevenhagen*, 790 F.2d 1220, 1228 (5th Cir. 1986). Moreover, absent a state-created liberty interest in the referenced activity, the plaintiff cannot complain about its deprivation, and state-created liberty interests are generally limited to impositions that "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). The denial of the privilege of participating in hobbycraft for a brief period of time does not rise to the level of an atypical and significant deprivation and, thus, does not give rise to a liberty interest that might implicate the plaintiff's right to due process under the Fourteenth Amendment. Accordingly, the plaintiff has failed to state a claim relative to the violation of his constitutional rights by reason of the defendants' actions in revoking hobbyshop privileges for a period of time.

In addition to the foregoing, the plaintiff complains that the closure of the hobbyshop resulted in a loss of revenue that he could have earned through the sale of hobbycraft products manufactured during the closure. The plaintiff complains that, as a result, he has been wrongly deprived of property and of the ability to earn money by selling hobbycraft products. The Court interprets this allegation as asserting a claim that the defendants, by their actions, have effectively caused him to be deprived of property to which he was otherwise entitled. Notwithstanding, pursuant to well-established federal jurisprudence, an unauthorized negligent or even intentional wrongful deprivation of property by state employees does not amount to a violation of the procedural requirements of due process if a meaningful post-deprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451

U.S. 527, 542 (1981).[1]  Further, the burden is on the complainant to show that available post-deprivation remedies are not adequate.  *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984).  In the instant case, the plaintiff has not alleged that state post-deprivation remedies are unavailable to him or are inadequate.  To the contrary, it is recognized that Louisiana law provides ample remedies under which the plaintiff could have proceeded against the defendants for recovery of his property or for reimbursement for its loss.  *Id.* at 763.  Accordingly, the plaintiff's claim relative to an alleged loss of property is without constitutional merit and should be dismissed.

Finally, the plaintiff complains that the closure of the hobbyshop area for a period of 2½ months was not authorized under the prison rulebook, and he points to provisions therein which provide that an inmate's hobbyshop privileges may be revoked when he has been found guilty of a rule violation after appropriate disciplinary proceedings.  Notwithstanding, the mere fact that hobbyshop privileges may be revoked in connection with disciplinary proceedings does not mean that such privileges may not be revoked for other reasons.  Further, a mere violation of the prison rulebook or other state regulation does not, without more, amount to a violation of a federal constitutional right in any event.  *See Jackson v. Cain*, 864 F.2d 1235, 1353 (5th Cir. 1989).  Accordingly, the plaintiff's claim asserted herein relative to the alleged violation of the prison rulebook is without legal or factual foundation and, as with the plaintiff's other claims asserted in this proceeding, should be dismissed.[2]

---

      1.  The underlying rationale of *Parratt* and *Hudson* is that when deprivations of property are effected through either negligent or intentional wrongful conduct on the part of state employees, pre-deprivation procedures are simply "impracticable" since the state cannot know in advance when such deprivations will occur.  *Hudson v. Palmer, supra*, 468 U.S. at 533.

      2.  To the extent that the plaintiff's Complaint may be interpreted as asserting a claim on behalf of other inmates who may have been affected by the closure of the hobbyshop, this claim is not cognizable in this Court.  Specifically, a *pro se* litigant does not have standing to assert the civil rights of third parties injured by the defendants' alleged unlawful conduct.  *See Coon v.*

## RECOMMENDATION

It is recommended that the plaintiff's action be dismissed, with prejudice, as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[3]

Signed in Baton Rouge, Louisiana, on December 19, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

*Ledbetter*, 780 F.2d 1158, 1160 (5th Cir. 1986).

3. The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."